# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10586
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 7, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL PERALES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:17-CR-88-1

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Michael Perales appeals the 24-month prison sentence imposed upon revocation of supervised release as procedurally unreasonable. Perales requested that the district court order the revocation sentence to run concurrently with the sentence imposed weeks earlier following his conviction for possession of a firearm by a convicted felon. The district court did not do

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

so, and Perales objected to the revocation sentence "on the basis of reasonableness."

Now, for the first time, Perales argues that his sentence is procedurally unreasonable because the district court failed to provide adequate reasons for the sentence in light of his nonfrivolous argument that his poor health warranted leniency. When a defendant properly preserves an objection to his revocation sentence for appeal, the sentence is reviewed under a "plainly unreasonable" standard. *See* 18 U.S.C. § 3742(a); *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). However, because Perales did not object in the district court to the adequacy of the explanation for his sentence, review is for plain error only. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). Perales concedes that his general objection to his sentence was not sufficient to preserve the error he now raises on appeal but nevertheless argues, to preserve the issue for future review, that *Whitelaw* was wrongly decided. It is well settled that one panel of this court may not overrule a prior decision of another panel in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the Supreme Court. *See United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014).

While the district court did not expressly comment on Perales's health, it implicitly considered that issue. Moreover, the district court explained that the sentence imposed was necessary to address the need for adequate deterrence and to protect the public—factors that were appropriate for the district court to consider. *See Miller*, 634 F.3d at 844; 18 U.S.C. § 3583(e) (identifying 18 U.S.C. § 3553(a) factors to be considered). Perales has not demonstrated that the district court's failure to provide a lengthier explanation of the chosen sentence constituted a clear or obvious error under the circumstances. We therefore AFFIRM the district court's judgment.